# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **LAURA WARITH** ) <br> P.O. Box 606202 ) <br> Cleveland, Ohio 44106, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GREATER CLEVELAND** ) <br> **REGIONAL TRANSIT AUTHORITY** ) <br> 1240 West 6th Street ) <br> Cleveland, Ohio 44113, ) <br> ) <br> and ) <br> ) <br> **AMALGAMATED TRANSIT UNION** ) <br> **LOCAL CHAPTER 268** ) <br> 2428 St. Clair Avenue, N.E. ) <br> Cleveland, Ohio 44114 ) <br> ) <br> Defendants. ) | Case No.: <br><br> JUDGE: <br><br> **ORIGINAL COMPLAINT AND** <br> **JURY DEMAND** |

Now comes the Plaintiff, LAURA WARITH, and alleges and avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States of America for deprivations of rights secured by the Constitution and laws of the United States.

2. This Court has jurisdiction over the Plaintiff's claims arising under the Constitution and laws of the State of Ohio pursuant to 28 U.S.C. § 1367(a), as such claims are part of the same case or controversy as those giving rise to the claims over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

1

3. Venue properly lies in this Court under 28 U.S.C. § 1391(b), as the Defendant resides within the Northern District of Ohio and all relevant events giving rise to the action occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff, LAURA WARITH, is an individual over the age of 18 years who resides in the City of Cleveland, Cuyahoga County, Ohio.

5. Defendant Greater Cleveland Regional Transit Authority ("RTA") is a public transit authority formed, organized and operating pursuant to the laws of the State of Ohio.

6. Defendant Amalgamated Transit Union, Local 268 ("Local 268") is a labor union representing transit workers located in the Cuyahoga County, Cleveland, Ohio area.

## FACTUAL HISTORY

7. Plaintiff realleges and incorporates by reference Paragraphs 1 through 6, as set forth above.

8. Plaintiff was hired by Defendant RTA on May 11, 1999, where she held various positions, including her most recent position of Circulator Operator, until her termination from employment on September 19, 2009. At the start of her employment, Plaintiff joined Local 268 and remained an active member of that union until her termination.

9. At all relevant times, Plaintiff's terms of employment with Defendants were governed by Conditions of Employment between the Greater Cleveland Regional Transit Authority and the Amalgamated Transit Union Local 268.

10. At all relevant times, Plaintiff's terms of employment with Defendants were governed by the Collective Bargaining Agreement between the Greater Cleveland Regional Transit Authority and the Amalgamated Transit Union Local 268.

11. Plaintiff was terminated by Defendant RTA on September 19, 2009, along with approximately twelve (12) other African-American Circulator Operators, as part of a purported plan to discontinue Circulator Operations.

12. Two Caucasian employees, with less seniority than the African-American employees, including Plaintiff, were not laid off as part of the alleged discontinuance of Circulator Operations.

13. The two Caucasian employees were instead placed in full-time positions in other departments, thus retaining their employment with Defendant, while African-American employees, including Plaintiff, who had more seniority, were terminated from their employment.

14. Plaintiff further alleges that she, and other affected Circulator Operators, was not permitted to transfer to another circulator classification, which would have enabled Plaintiff to operate larger vehicles in Defendant RTA's fleet and thus retain employment.

15. On or about September 21, 2009, Plaintiff attempted to file a grievance with Defendant Local 268 in connection with Defendant RTA's lay-off procedure.

16. Defendant Local 268 declined to accept Plaintiff's grievance and allowed the two Caucasian employees to be moved to full-time positions, while Plaintiff and other African-Americans were discharged.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has complied with all the administrative prerequisites to action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

    A. On or about June 10, 2010, Plaintiff timely filed a formal charge of race discrimination against Defendant RTA with the Equal Employment Opportunity Commission ("EEOC").

    B. On or about June 10, 2010, Plaintiff timely filed a formal charge of race discrimination against Defendant Local 268 with the EEOC.

    C. Plaintiff fully cooperated in the agency's investigation.

    D. Plaintiff received Dismissal and Notice of Suit Rights notices from the EEOC on both charges on or about June 22, 2010, and she has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.

## FIRST CLAIM
## TITLE VII – RACE DISCRIMINATION
### (against both Defendants)

18. Plaintiff realleges and incorporates by reference Paragraphs 1 through 17, as set forth above.

19. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Specifically, Plaintiff complains of Defendants' violation of Title VII's prohibition

against discrimination in employment based, in whole or in part, upon an employee's race.

20. Plaintiff is an African-American female and during her employment with Defendant RTA and membership with Defendant Local 268 was a member of a protected class under Title VII against race-based discrimination by her employer

21. At all times relevant to this action, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant RTA.

22. When Defendant RTA implemented its purported plan to cease Circulator Operations, twelve (12) African-American employees, including Plaintiff, who possessed greater seniority than two (2) Caucasian employees, were terminated from their employment and thus suffered adverse employment action.

23. The two (2) Caucasian employees, who had less seniority, were placed in other positions.

24. Defendant Local 268 failed to object to or otherwise take any action in opposition to Defendant RTA's discriminatory lay-off of Plaintiff.

25. As a result of Defendants' policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race.

26. As a further result of Defendants' above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her race, in an amount to be proven at trial.

## SECOND CLAIM
## OHIO REV. CODE 4112.02 – RACE DISCRIMINATION
### (against both Defendants)

27. Plaintiff realleges and incorporates by reference Paragraphs 1 through 26, as set forth above.

28. As a result of the Defendants' conduct described above, Plaintiff has been discriminated against on the basis of her race in violation of O.R.C. 4112.02 and its implementing regulations.

29. As a result of Defendants' actions, Plaintiff has suffered consequential damages, including personal injury, pain and suffering, and emotional harm and distress.

30. Plaintiff continues to suffer irreparable harm as a result of Defendants' violation of her rights under the above statute.

## THIRD CLAIM
## BREACH OF CONTRACT/PROMISSORY ESTOPPEL
### (against Defendant RTA)

31. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30, as set forth above.

32. Defendant promulgated express and written statements of employment practices, policies and procedures, which it provided to all employees, including Plaintiff and which comprised the Plaintiff's employment agreement with Defendant.

33. Defendant agreed that it would treat employees in a specific, fair and equitable manner. Specifically, Defendant promulgated a policy that lay-offs would be determined in a fair, impartial and non-discriminatory manner.

34. Defendant failed to fulfill its contractual obligations to determined lay-offs in a fair, impartial and non-discriminatory manner such that two (2) Caucasian employees with

6

less seniority than Plaintiff, or other African-American employees who were terminated, were able to retain employment.

35. Defendant further failed to fulfill its contractual obligations by failing to permit Plaintiff to transfer to a different grade (1-4) classification, which would have enabled her to operate larger vehicles and retain employment with Defendant.

36. Further, Defendant's breach was intentional, willful and/or malicious.

37. Moreover, Defendant expected or should have reasonably expected Plaintiff to rely on the aforementioned policies and procedures as a agreement by Defendant to follow and adhere to them, including the lay-off process.

38. At all relevant times, Plaintiff understood and reasonably relied on the aforementioned policies and procedures to his detriment and harm, both pecuniary and otherwise.

39. As set forth herein, Defendant failed to follow the aforementioned employment practices, procedures and policies. Specifically, Plaintiff was terminated in favor of less tenured, Caucasian employees.

40. Substantial injustice can only be avoided by enforcing the promises made by Defendant to Plaintiff.

41. Defendant's breach was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

42. Defendant's conduct was willful, wanton and malicious, entitling Plaintiff to punitive and exemplary damages in addition to compensatory damages and other remedies available under the common law.

## FOURTH CLAIM
## BREACH OF DUTY OF FAIR REPRESENTATION
### (against Defendant Local 268)

43. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42, as set forth above.

44. As a member of Local 268, Defendant owed Plaintiff a duty to fairly represent her.

45. Defendant breached said duty by failing to pursue a grievance against Defendant RTA in connection with its discriminatory lay-off procedure, which resulted in the termination of Plaintiff.

46. Defendant failed to undertake a reasonably investigation of Plaintiff's grievance and lacked factual basis to reasonably conclude that the grievance lacked merit.

47. Defendant's failure to pursue the grievance filed by Plaintiff was discriminatory, in bad faith and arbitrary.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laura Warith requests judgment and damages against Defendants, Greater Cleveland Regional Transit Authority and Amalgamated Transit Union Local 268, as follows:

A. A declaratory judgment that Defendants have violated Plaintiff's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.;

B. Enter an injunction ordering Defendants to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay.

C. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

D. An award for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), and as provided under state law;

E. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

F. Such other and further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW

Respectfully submitted,

Robert A. Pecchio (0025282)
**THE LAW OFFICES OF THE
ROBERT A. PECCHIO CO., LPA**
2305 E. Aurora Rd., Ste. A-1
Twinsburg, OH 44087
Phone: (330) 963-6600
Fax: (330) 963-6650

Attorney for Plaintiff